## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1) **THE CITY OF OKLAHOMA CITY**, a
Municipal Corporation,

        Plaintiff,

v.

1) **A 100 FOOT WIDE CONTINUOUS
EXTENDED TERM EASEMENT** and
right-of-way for public utility water pipelines
purposes located upon, over, under and
across a part of the Northeast Quarter of
Section 6, Township 9 North, Range 1 East
of the I.M., in Cleveland County, State of
Oklahoma;

2) **THE UNITED STATES OF AMERICA,
TRUSTEE**, as a matter affecting title to
certain lands previously allotted to Native
Americans, but held in trust with certain
restraints on alienation and presently held in
trust for:

The Respective Known Successors of **EVAN
KASECA**, Absentee Shawnee Allotment No.
820-398, Deceased, believed to be:

3) **FRANK L. KASECA, JR.**;

4) **ZELDA M. KAWAYKLA** a/k/a **ZELDA
MAE KASECA FOREMAN** a/k/a
**ZELDA M. KASECA FOREMAN**;

5) **ROY J. KASECA;**

6) **JAMES ALLEN WYATT;**

7) **HELEN WYATT SPRIGGS;**

8) **GEORGIANN WYATT TURNER**;

Case No. CIV-20-29-JD

9)  **ELIZABETH I. WYATT PARKER**;

10) **THE UNKNOWN SUCCESSORS OF AILENE MANN HERRA**; Deceased;

11) **BARBARA JUDKINS** a/k/a **BARBARA JUDKINS BAKER**;

12) **CHARLES JUDKINS**;

13) **ALICE KAREN CORPUS** a/k/a **ALYCE K. CORONA**;

14) **ELNORA L. DEER** a/k/a **ELNORA L. KASECA DEER**;

15) **VERNICE LONGHORN** a/k/a **VERNICE C. LONGHORN**;

16) **JIMMY GIBSON** a/k/a **JIMMY R. GIBSON**;

17) **TONY W. KIRSCHNER** a/k/a **TONY KIRSCHNER**;

18) **WANDA GAYLE SHOPTEESE** a/k/a **WANDA G.M. SHOPTEESE;**

19) **GLENN DALE MANN, SR.** a/k/a **GLENN D. MANN, SR.;**

20) **CECIL RAY MANN**;

21) **JOHN EDWARD MANN** a/k/a **JOHN E. MANN**;

22) **SALLY ARLENE MANN** a/k/a **SALLY A. MANN**;

23) **RICHARD FREEMAN MANN**;

24) **RAYMOND FREELAND MANN** a/k/a **RAYMOND F. MANN**;

25) **GREGORY DOYLE WATSON**;

26) **THOMAS AARON WATSON**;

27) **DANIEL OWEN WATSON** a/k/a **DANIEL O. WATSON**;

28) **BRENT GRYNNEL WATSON** a/k/a **BRENT G. WATSON**;

29) **PATRICK SCOTT WATSON**;

30) **RANDALL NANAETO** a/k/a **RANDALL W. NANAETO**;

31) **LENA NANAETO MARTINEZ** a/k/a **LENA M. NANAETO**;

32) **MARY JO LEADER**;

33) **REMA JEAN KASECA** a/k/a **REMA J. GLEN MILLER KASECA**;

34) **HAROLD JAMES KASECA** a/k/a **HAROLD J. KASECA**;

35) **THE RESPECTIVE UNKNOWN SUCCESSORS OF EVAN KASECA, ABSENTEE SHAWNEE ALLOTMENT NO. 820-398, DECEASED;**

36) **ABSENTEE SHAWNEE TRIBE OF INDIANS OF OKLAHOMA**,

Defendants.

## COMPLAINT FOR CONDEMNATION OF WATER PIPELINE EASEMENT

Plaintiff, The City of Oklahoma City, a Municipal Corporation (**"OKC"**) brings this action against the United States of America, acting in its capacity as Trustee over certain restricted Indian lands, and the other list of Defendants who are named in Exhibit 3 hereto, to condemn a water pipeline easement across certain lands in **Cleveland County,** State of Oklahoma, more particularly described as **Allotment Tract of Allottee No. 820-398** as described on Exhibit 1 attached hereto (the subject **"Allotment Tract"**) – with the portion

of said Allotment Tract on which an easement is sought herein being described on the Survey and legal descriptions set forth on Exhibit 2 attached hereto (the subject **"Easement"**). The original allottee of the land which is the subject of this action was a member of the Absentee Shawnee Tribe of Indians of Oklahoma (the **"Tribe"**). The described land is held in trust with certain restraints against alienation by the United States of America, for and on behalf of a certain named original Native American Allottee and the Allottee's current heirs, devisees, and successors (herein **"USA as Trustee"**). Attached as Exhibit 3 and incorporated herein by reference is the list of the said Allottee's current known heirs, devisees, and successors whose interests in the subject property are held in trust by the USA as Trustee, including the current interest of the Tribe which is also held in Trust by USA as Trustee (collectively herein the **"Individual Indian Owners"**), said list being based on the recent Certified Title Status Report (**"TSR"**) for the subject property attached as Exhibit 4, which is the most recent official Ownership Report of the USA as Trustee, issued by and through the Department of Interior, Bureau of Indian Affairs (herein the **"BIA"**), provided in response to Plaintiff's request for same, and further based on the supplemental ownership and party information provided to Plaintiff by USA as Trustee since the date of the TSR as to known recent changes to the list of the Allottee's current heirs, devisees and successors. The respective restricted interests in the subject property of the Individual Indian Owners, or their recent respective predecessors in interest, and the Tribe are listed on Exhibit 4 attached, and the respective interests in the subject property of each of them and their successors are to be adjudicated for purposes of this condemnation proceeding by and through the USA as Trustee.

4

## I.    Authority for the Taking.

1.    The basis of Jurisdiction an act of Congress of March 3, 1901, Chapter 832, Sec. 3, 31 Stat. 1084; 25 U.S.C. § 357; 25 U.S.C. §§ 323, 324, and 325; and applicable regulations under 25 C.F.R. §169.1 et seq.  Jurisdiction in this cause also arises out of Oklahoma Okla. Const. Art. 2, Sec. 24; and applicable Oklahoma Statutes, Okla. Stat. tit. 11, § 37-105; Okla. Stat. tit. 11, § 37-117; and Okla. Stat. tit. 66, §§ 51-60, inclusive.  Rule 71.1of the Federal Rules of Civil Procedure applies.

2.    Plaintiff is a municipal corporation, duly organized, existing under and by virtue of the Constitution and laws of the State of Oklahoma and its authorized Charter. Plaintiff is authorized by the laws of the State of Oklahoma and its authorized Charter to take, appropriate, and condemn private property for public purposes whenever such action may become necessary for public convenience and use.  Okla. Const. Art. 2, Sec. 24; Okla. Stat. tit. 11, § 37-105; Okla. Stat. tit. 11, § 37-117; Okla. Stat. tit. 66, § 53, *et seq*.; Charter for The City of Oklahoma City, Article I, Section 5.

3.    The Tribe is the owner of an undivided interest in the property which is the subject of this action, which interest is held in trust by the USA as Trustee.  The Tribe has confirmed to the parties that as a sovereign entity, it would ordinarily object to and oppose any action for condemnation against lands in which it owns an interest.  However, the Tribe has agreed to be made a party to this action, to grant a limited waiver of sovereign immunity herein, and become bound by the judgment and decree of the Court herein, but only for the limited purpose of allowing the Tribe to join in the Settlement Agreement referenced below as to any ownership interest it may have in any of the **Allotment Tracts**, for same to be

5

approved, adopted into, and made a part of the judgment and decree of the court, and for the court's judgment and decree to become binding on all of the parties hereto, including the Tribe, based on and subject to the terms of the Settlement Agreement.

**II.    The Interest to be Taken.**

**A.  Background.**

4.      In the early 1960s, OKC constructed and has continually since then operated an approximately 100 mile public utility water pipeline system for the transportation of water from Lake Atoka and McGee Creek in Southeast Oklahoma to Lake Stanley Draper, a municipal water reservoir owned by OKC, and to serve the Oklahoma City metropolitan area.  The public utility water pipeline system is referred to as the **"Atoka Pipeline System."**  Exhibit 5, Map of Atoka Pipeline System.

5.      In the construction and operation of the Atoka Pipeline System, OKC obtained a mix of fee grants, and certain permanent and term easements along the approximate 100 mile length of the pipeline.  Approximately 4.39 miles of the Atoka Pipeline System in Cleveland and Pottawatomie counties passes through approximately 19 tracts of land originally allotted to Allottees of the Tribe, which tracts include interests which are owned in varying amounts of interest by Individual Indian Owners, and some of which are owned in varying amounts of interest by both the Individual Indian Owners and by the Tribe (herein the **"Tribal Tracts"**), all of which are restricted against alienation and are held in trust by the USA as Trustee (the **"Allotment Tracts"**), including the property described herein.  At the time the pipeline system was first developed, consensual easements with a 50 year term were taken on interests in each of the Restrict Tracts (the

6

**"Prior Easements"**).  The **Allotment Tracts** also include two (2) easement tracts used in the past, for which temporary easements are sought for the sole limited purpose of gaining access to enable OKC to remove those two water pipeline surge stations, and to restore the locations of same, as well as an additional part of one of the **Allotment Tracts** on which an additional easement is sought for the Macomb Pump Station.  Except for several easements covering portions of **Allotment Tracts** which will continue to be used for auxiliary purposes for the pipeline system, each of the Prior Easements was 100 feet wide as it passed through the respective **Allotment Tracts**.  In some of the tracts, since the grant of the original Prior Easements, the Tribe, a sovereign nation, has obtained interests by operation of law, which interests remain restricted and in trust with the USA as Trustee. To the extent the Tribe may be an owner of any interest in any of the **Allotment Tracts**, absent the Tribe's agreement and limited waiver of sovereign immunity rights for settlement purposes, the parties to this action recognize that the Tribe would object that the Court lacks jurisdiction over it based on claims of sovereign immunity in this and any other condemnation proceeding involving any **Allotment Tracts** in which the Tribe owns an interest.

6.    The terms of the Prior Easements have ended.  Since 2011, before terms of the Prior Easements ended, OKC has in good faith been attempting to renew, replace or extend the Prior Easements and obtain an additional easement for an expansion area in one of the **Allotment Tracts**, through the administrative procedures, by negotiations with the individual Allottees, their heirs, devisees and successors, with the USA as Trustee, and with the Tribe.

7.    In order to obtain the easements needed, including the Easement sought herein (collectively the **"Easements"**), OKC needs to seek condemnation unless a settlement is reached.  The Parties now believe that they have a settlement agreement to resolve their disputes, as an alternative to condemnation.  This action is brought as a part of that agreement, and to have that Settlement Agreement incorporated into and made a part of the order and decree of this Court, enforceable by the Court going forward.  This proceeding is brought in order for OKC to either seek condemnation or alternatively to facilitate that Settlement Agreement among all parties thereto, including the parties to this action, and as to all Easement Tracts affecting each of the **Allotment Tracts**.

**B.  The Easement Interest Sought.**

8.    Since 2015, the parties to this action have been in extended negotiations to reach a proposed settlement agreement that would permit OKC to acquire the Continuous Extended Term Easements it seeks through each of the Allotment Tracts, and bestow a benefit on the Individual Indian Owners, and to the extent it owns any interest in any of the particular Allotment Tracts, the Tribe, which each of the parties to this action can agree is in the best interests of the Individual Indian Owners and in those instances applicable to Tribal Lands, the Tribe, and will yield a result and benefit at least equal to, or more favorable than might otherwise be obtained through the condemnation process.  OKC seeks a **"Continuous Extended Term Easement"** through each of the Allotment Tracts, including the subject Allotment Tract, in the related actions, to be more fully described in a proposed Settlement Agreement signed and approved by and between OKC, the USA as Trustee, and the Tribe, subject to the approval, adoption and order by this Court as its

judgment and decree (the **"Settlement Agreement"**).  Each Continuous Extended Term Easement, including the Easement sought herein, will be an easement and right-of-way upon, over, under, and across the subject lands for continuing use as public utility water pipeline easement for the Atoka Pipeline System.  The physical easement will be the same width, length, and location as the previous term easement which have since expired over the same lands (other than one new easement being granted on one of the easement tracts associated with the Macomb Pump Station and the two temporary easement tracts where restoration is planned).  The Easement sought herein and each Continuous Extended Term Easement will have the following attributes.

a)    It shall have a term which shall commence on the effective date of the Easement, and shall continue in full force and effect without interruption, termination, expiration, or need for further renewal during all periods of time when the City or its successor in interest actively uses, needs, or requires them for use in conjunction with any public utility water pipeline or pipelines, or related facilities, including but not limited to the delivery of water from its resources in Southeast Oklahoma to Lake Stanley Draper or to other designated destinations for purposes of providing water from the pipelines, and particularly to the Oklahoma City metropolitan region, and continuing in full force and effect so long as OKC shall actively use or need it for use in conjunction with any public utility water pipeline or pipelines, or related facilities, upon, over, under and across said lands, hereinafter more fully described;

b)    It grants various continuous extended term rights, including but not limited to i) the right to construct, operate, maintain, inspect, repair, rebuild, replace, re-construct,

9

remove, and patrol public utility water pipelines and associated facilities and appurtenances for the conveyance and transportation of water for the benefit of the Plaintiff and surrounding communities in the Oklahoma City metropolitan area, as part of the Atoka Pipeline System in any quantity, and any appurtenant pump station and related facilities necessary in connection therewith, said pipeline and related facilities being collectively referred to as the **"Atoka Pipeline System"**; ii) the right of ingress, egress, and regress to, over and from said lands, for doing anything necessary or useful to the enjoyment of the Continuous Extended Term Easement; iii) the continuous extended term right and privilege to cut down, trim, remove and/or chemically treat any trees, bushes, brush, shrubs, or other vegetation upon or adjacent to the easement and right-of-way which by their growth pattern, size, shape, and/or location will, in the judgment of OKC, inhibit, interfere with, or interrupt the continuous use of the facilities; and iv) grants a prohibition against the placement of, and  grants the right to remove any other objects, ponds, lakes, buildings, structures, roads, or other improvements at any time which may interfere with or endanger any said public utility water pipelines or the construction, operation, maintenance, inspection, repair, reconstruction, replacement, or removal thereof.

      c)    The Continuous Extended Term Easement and Right-of-Way will be a renewal of and replaces any Prior Easement and right-of-way for term granted to OKC upon, over, under, and across the same property as described herein for the same or similar rights and uses as sought herein, except for the continuous extended term duration sought herein.  The Continuous Extended Term Easement and right-of way sought in this action is one for which an easement and right-of-way may be granted for an extended duration if it is

10

determined a different duration would benefit the Indian landowners, is required by another Federal agency, or the Tribe has negotiated for a different duration and the right-of-way crosses tribal land pursuant to 25 CFR § 169.201, and any judgment or decree of a court determining same.

d)    Specifically included in the easement and right-of-way sought herein for the useful enjoyment thereof is OKC's continuous extended term right and privilege to cut down, trim, remove and/or chemically treat any trees, bushes, brush, shrubs, or other vegetation upon, over, across, and under or adjacent to the easement which by their growth pattern, size, shape, and/or location will, in the judgment of OKC, inhibit, interfere with, or interrupt the continuous use of the pipelines and related facilities, and to prohibit the placement of or remove any other objects at any time which may interfere with or endanger said public utility water pipelines or the construction, operation, maintenance, inspection, repair, reconstruction, replacement or removal thereof; including the continuous extended term right and privilege of ingress, egress, and regress to, over, across, under, and from said lands for doing anything necessary or useful to the enjoyment of the easement and right-of-way.

e)    OKC's use and enjoyment of the easement and right-of-way will require that the landowners, their tenants and lessees, and their respective successors and assigns, be prohibited from constructing, or permitting others to construct, any ponds, lakes, buildings, structures, roads or other improvements upon, over, across, or under said easement and right-of-way without the prior written consent of OKC, or permit any construction activity or installation that will violate any national, state or city or other code applicable to the

public utility water pipelines or related facilities situated on said easement and right-of-way.

f)    Any ponds, lakes, buildings, structures, roads, or other improvements placed or erected on the easement and right-of-way without the express written consent of OKC shall be considered an encroachment thereon, strictly prohibited, and subject to removal by or at the direction of OKC.

g)    All public utility water pipelines, pump stations, surge stations, and any related facilities installed on the subject easement and right-of-way at the expense of OKC shall remain the property of OKC and are removable at the sole option of OKC.

h)    OKC reserves to the landowners, lessees, and tenants of said lands, at all times, the right to make any use of said lands, provided said use is not inconsistent with or dangerous to the operation and maintenance of said public utility water pipelines, including constructing, maintaining, operating, repairing, removing, or replacing multiple public utility water pipelines, over, under, and across and through the full width of said easement and right-of way.

i)    OKC shall pay for all damages to fences and premises which may be suffered by reason of constructing, maintaining, operating, repairing, removing, or replacing said public utility water pipelines, and further it is necessary that said easement and right-of-way and the privileges and obligations contained in this Complaint be binding on the Defendants, their heirs, successors and assigns.

j)    After the Prior Easement and rights-of-way were approved, the Code of Federal Regulations governing easements across individually owned Indian lands which

12

are restricted against alienation, were adopted with regulatory changes as to the term of certain types of easements. By the regulations, some types of easements continued to be limited to a 50 year term, which was the term of the prior easement and right-of-way. However, the current version of those regulations specifically indicates that an easement and right-of-way, such as the easement and right-of-way sought herein, can be for a different term if certain regulatory conditions are met, and may be without such limitation as to the term of years, or to permit the continuous extended term where same appears to be reasonable, as well as in the best interest of the Individual Indian Owners and the Tribe, or for other authorized reasons. 25 C.F.R. § 169.201. Both the Settlement Agreement referenced herein, and the Continuous Extended Term Easements will be made enforceable under their terms by, through, and under the Court's adoption and incorporation of same into its order and decree.

k)    OKC further states that the current existing public utility water pipeline and associated facilities and appurtenances, as well as all other public utility water pipelines and associated facilities and appurtenances to be constructed within said easement and right-of-way, has been constructed and will be constructed and maintained in accordance with all local, state, and federal laws, regulations and ordinances governing such public utility water pipelines, as well as the standards of the American Water Works Association, and any other appropriate regulatory authority relating to such public utility water pipeline system.

l)    Since prior to the end of its term, OKC has made diligent and repeated efforts to secure, by private purchase from the Defendants herein, appropriate renewal and

13

replacements of the Prior Easements and right-of-way upon, over, across, and under the said lands for the purposes set out in this Complaint, but has been wholly unable to effect a purchase of appropriate renewals. OKC seeks to obtain the Continuous Extended Term Easements referenced herein by virtue of a Settlement Agreement to be approved by the Court. If, but only if, OKC is unable to get the parties and the Court to approve the Settlement Agreement as a court-ordered settlement, or OKC is unable to obtain the Easements under the Settlement Agreement, then and in any such event, it will be necessary that OKC exercise its rights and privileges to acquire such renewal easement and right-of way by condemnation in order to replace the prior easement and right-of-way for said public utility water pipelines, and the continuation of the existing public utility water pipelines on a continuous extended term basis, except and unless said easement is obtained by, through, and under the Settlement Agreement described below.

m) Plaintiff does not, in this proceeding in condemnation, seek title to or any interest in the oil, gas, or other minerals, if any, underlying the lands involved herein and agrees that the condemnation of the above-described easement and right-of-way and the construction, operation and maintenance of said public utility water pipelines will not, in any way, constitute a claim or encumbrance upon title to the mineral interest in said lands.

n) While OKC does not currently intend to fence most of the Easement and right-of-way areas along the Atoka Pipeline System (the Macomb Pump Station is currently fenced), OKC seeks the future right to fence any portion of the Easement and right-of way area to the extent and at such time in the future, if any, when OKC deems that any of its facilities, including but not limited to pump stations and surge stations, associated with said

14

pipeline system are located on, over, under, or across said easement lands need to be secured or protected by fencing, or may be required to be fenced due to any governmental laws or regulations, or may need to be fenced for other purposes intended to preserve or protect the pipeline system.  In such instances, OKC would pay for any actual additional damages resulting from the need to fence such areas for such purposes, as to all or any portion of this Easement and right-of-way fenced for such purposes.

o)    Any new damages to the subject land which may occur in the future, which are caused by OKC and are beyond the scope of damages to be addressed in this condemnation proceeding or the Settlement Agreement, will be paid by OKC as and when they may occur.

**C.    The Public Purpose.**

9.    As previously described, the public purpose is to build, maintain, operate and increase the water pipelines within a previously existing easement and the public utility water pipeline system and ancillary equipment and appurtenances constructed and maintained with same, to transport water from southeastern Oklahoma to Oklahoma City for use by OKC to provide water for its citizens, and users in Oklahoma City and surrounding areas.

**III.    Alternative Relief Sought.**

10.    OKC seeks to have the captioned action consolidated with a series of related cases involving similar easement issues for the Atoka Pipeline System affecting all of the other Allotment Tracts which were originally allotted to members of the Tribe, which actions are also filed or being filed in the United States District Court for the Western District of Oklahoma, in order for similar Continuous Extended Term Easements to be

obtained by OKC over each and all of the Restricted Tracts in the 4.39 acres of the Atoka Pipeline System, and to do so incident to the Settlement Agreement to be approved and rendered as the judgment and decree of this Court.

11.    The Tribe has determined that the Settlement Agreement is in the best interest of the Tribe to the extent it owns any interest in the subject property.  The Tribe's governing authorities have adopted a Resolution authorizing the Tribe to grant a limited waiver of sovereign immunity to join in and be a part of this action for the limited purposes described herein, and to join in and participate in the Settlement Agreement, and the Court's judgment and decree for the adoption, approval, and enforcement of the Settlement Agreement, to the extent of any interest the Tribe owns now or in the future in the subject Allotment Tract and any of the Allotment Tracts referenced herein.

12.    The USA as Trustee and the Tribe have consulted with the Individual Indian Owners of interests in each of the Allotment Tracts regarding the Settlement Agreement. Individual Indian Owners of interests in each and all of the Allotment Tracts owning not less than a majority of the equitable ownership interest in each Allotment Tract have given their consent to and approval to proceed with the proposed Settlement Agreement.   In those Allotment Tracts where the Tribe owns an interest, the Tribe has joined in that consent as well.

13.    OKC seeks to have this case and each of the cases filed by it in this Court involving similar Easements involving the Allotment Tracts originally allotted to members of the Tribe, which are in the path of the Atoka Pipeline System, consolidated.  Upon consolidation of said cases, OKC seeks the approval of and adoption by this Court for the

16

Settlement Agreement, the granting of the Continuous Extended Term Easement described herein, together with similar Continuous Extended Term Easements in each of the related cases to be consolidated with this one, for the Court to approve and authorize the granting of the Continuous Extended Term Easements pursuant to the Settlement Agreement, and to enter its judgment and decree making the Settlement Agreement and the Continuous Extended Term Easements affecting parts of all of the Allotment Tracts a part of the Court's judgment and decree, and binding on all of the parties, their successors and assigns, including the Tribe, and on the subject Allotment Tracts, with same to run with the title to the lands.

14. In the alternative, in the event the parties are unable to complete the Settlement Agreement as described above, and have same made a part of, and enforceable under, the Court's judgment and decree, then, and in such event, OKC seeks condemnation of the easement sought herein, in accordance with the applicable federal laws, rules, and regulations.

WHEREFORE, premises considered, OKC prays:

1. The Court consolidate this condemnation action with the other related actions filed by OKC, in order that the cases may be addressed collectively at the same time and in the same manner.

2. Once the cases have been consolidated, the Court, when presented with the proposed Settlement Agreement in this and the other related cases, confirm it has jurisdiction over each and all of the parties, and the subject matter, and consider, approve, and adopt the settlement and enter a judgment in accordance with the Settlement

Agreement terms and as approved by and presented to the parties, and render a judgment and decree incorporating the terms of the Settlement Agreement into the judgment and decree, authorize, and approve the Continuous Extended Term Easement as to the Allotment Tract described herein and Continuous Extended Term Easements as to each and all of the other Allotment Tracts described in the other related cases, all under the terms of the Settlement Agreement and the Court's judgment and Decree, and that the Court's judgment and decree make same each binding on the respective parties, their successors and assigns, and make same run with the title to the properties and the easements granted pursuant to the Settlement Agreement and the Court's judgment and decree.

3.     In the alternative, if and only if the Parties and the Court are unable to complete and obtain the Court's approval of the Settlement Agreement, or if OKC is unable to obtain the Continuous Extended Term Easement as to the property described herein, the Court consider the merits of this complaint for condemnation of the easement as described herein.

For this OKC prays, together with all other and further relief which may be lawful and proper in the premises.

Respectfully submitted,


*s/ John Frederick Kempf, Jr.*
John Frederick Kempf, Jr., OBA #4949
**HALL, ESTILL, HARDWICK,**
**GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Phone (405) 553-2828
Facsimile: (405) 553-2855
fkempf@hallestill.com

**COUNSEL FOR THE CITY OF**
**OKLAHOMA CITY**